```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION

RALPH SMITH                                            PLAINTIFF

VS.                             CIVIL ACTION NO. 3:07CV40TLS-JCS

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, G.V. SONNY
MONTGOMERY VA MEDICAL CENTER,
AND JOHN DOES 1-25                                     DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants United States Department of Veterans Affairs and G.V. Sonny Montgomery VA Medical Center to dismiss or, in the alternative, for summary judgment. Plaintiff Ralph Smith has responded to the motion, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that defendants United States Department of Veterans Affairs and G.V. Sonny Montgomery VA Medical Center should be dismissed as defendants. However, the court is further of the opinion that the United States should respond and show cause why it should not be substituted as the defendant herein.

According to the complaint in this cause, plaintiff Ralph Smith, a veteran of the Vietnam War, was diagnosed with Post Traumatic Stress Disorder (PTSD) in 1995 at the VA Hospital in New Orleans, Louisiana, where he sought and received treatment for his PTSD. In January 2004, because of its proximity to his home, plaintiff transferred his treatment to the G.V. Sonny Montgomery VA Medical Center in Jackson, where he participated in a residential treatment program, under the direction of his

psychiatrist, Dr. Liberto. Plaintiff's psychiatric treatment at the Jackson VA included medications, therapy sessions and classes, one of which was a therapy writing class conducted by Ann Tandy, a nurse manager at the facility. Plaintiff alleges that while he was still in the residential treatment program, Ann Tandy began an intimate and sexual relationship with him which lasted for a number of months. After the affair ended in December 2004, plaintiff reported the affair to a social worker at the hospital, which prompted an investigation. Plaintiff alleges that this relationship with Tandy caused him to suffer a setback in his medical treatment and resulted in his being hospitalized for increased depression and anxiety.

In June 2006, plaintiff filed an administrative claim under the Federal Tort Claims Act, and on January 23, 2007, after six months passed with no decision on his claim, plaintiff filed the present action against the United States Department of Veterans Affairs (VA) and the G.V. Sonny Montgomery VA Medical Center (VA Medical Center) seeking to recover damages for medical negligence, medical malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, assault and battery, negligent supervision, negligent training, negligent hiring and gross negligence. All of plaintiff's claims are brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346 et seq. Section 2679(a) of the FTCA provides:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize

2

> suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. § 2679(a).

Among other grounds for dismissal and/or summary judgment, defendants contend that plaintiff's complaint in this cause must be dismissed because the plaintiff has sued the wrong party. Defendants note that in a suit governed by the FTCA, the *only* proper defendant is the United States of America, and that since the United States of America has not been named a defendant, plaintiff's complaint must be dismissed. The law on this issue is indeed quite clear: "In view of this explicit statutory language (of § 2679(a)), an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act." Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (citing Hughes v. United States, 701 F.2d 56, 58 (7th Cir.), aff'g, 534 F. Supp. 352, 354 (N.D. Ill. 1982)). Instead, "an FTCA plaintiff 'must name the United States as the sole defendant.'" Duncan v. Peters, 1999 WL 642878, 1-2 (5th Cir. 1999)(quoting McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998)). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." Id. (citing Gregory v. Mitchell, 634 F.2d 199, 204-205 (5th Cir. 1981), and Carr v. Veterans Administration, 522 F.2d 1355, 1356 (5th Cir. 1975)). See also Duncan, 1999 WL 642878, 1-2 (5th Cir. 1999)(since express terms of FTCA provide that only the United

3

States "and not the responsible agency or employee" can be sued, then when a plaintiff has brought a claim against a federal agency or employee, the claim must be dismissed for lack of subject-matter jurisdiction).[1] Accordingly, there is no merit to plaintiff's argument that jurisdiction over defendants is proper since a suit against a federal agency is in effect a suit against the United States of America.[2] Plaintiff's complaint, which was

---

[1] There is no shortage of cases recognizing and applying these principles. See, e.g., Good v. Ohio Edison Co., 149 F.3d 413, 418 (6th Cir. 1998)("[A]n FTCA action naming only the United States Post Office and several individual postal workers as defendants must be dismissed for lack of jurisdiction because the United States of America is the only proper defendant in such an action."); Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998)("The United States is the only proper party defendant in an FTCA action. Because the plaintiff brought an FTCA action against a person and entity not subject to the FTCA, the district court properly dismissed the named defendants."); Crump v. Social Security Admin., 2008 WL 3850804, 3 (E.D. Cal. 2008) (dismissing tort claims against Social Security Administration because "Congress specifically declined to authorize suits against federal agencies on claims cognizable under the FTCA. 28 U.S.C. § 2679(a)"); Burns v. Potter, 2008 WL 630871, 2 (S.D. Ohio 2008) (dismissing tort claim against Postmaster General for lack of subject matter jurisdiction because "these claims against the government are governed by the FTCA, under which a plaintiff must sue the United States rather than a federal agency"); Petitio v. Hill, 2007 WL 1016890, 13 (E.D.N.Y. 2007) (dismissing for lack of subject matter jurisdiction tort claims against the IRS, the Department of the Treasury and the Department of Justice because "[t]he FTCA does not permit suits against federal agencies eo nomine") (citations omitted); Diaz v. U.S., 372 F. Supp. 2d 676, 680 (D. Puerto Rico 2005) (dismissing claim against General Services Administration, "which is clearly a federal agency," because "Section 2679(a) of the FTCA precludes tort suits against federal agencies or their employees"); Folley v. Henderson, United States Postal Service, 175 F. Supp. 2d 1007, 1114 (S.D. Ohio 2001) (under FTCA, "actions must be initiated against the United States itself, rather than against a federal agency").

[2] The few cases cited by plaintiff in support of his argument did not involve claims governed by the FTCA and are thus

4

brought solely against the United States Department of Veterans Affairs and the G.V. Sonny Montgomery VA Medical Center, and not against the United States of America, must therefore be dismissed.

That being said, the court recognizes that there is a possibility that the United States could properly be substituted as the defendant in place of the dismissed defendants, or for that matter, that plaintiff could file an altogether new lawsuit against the United States, provided the statute of limitations has not expired. In this regard, as a general rule, "a plaintiff may not substitute the United States for the federal agency originally (and improperly) named in an FTCA suit, when that substitution or amendment occurs after the (six month) FTCA statute of limitations has run." Ward v. Jessie Brown V.A. Hosp., 2005 WL 3312601, 4 (N.D. Ill. 2005) (citations omitted). See also Galvin, 860 F.2d at 183 n.3 (citing Hughes v. United States, 701 F.2d 56, 58 (7th Cir. 1982) (plaintiff substituted the United States as defendant in place of a federal agency after the FTCA statute of limitations had run); Carr v. Veterans Administration, 522 F.2d 1355, 1356 (5th Cir. 1975) ("sad but simple case" where plaintiff's FTCA claims were precluded because she sought to substitute the United States as defendant after the limitations period)); Stewart v. United States, 655 F.2d 741, 742 (7th Cir. 1981) (affirming dismissal of FTCA case where plaintiff had sued the Postal Service rather than the United States, and where plaintiff attempted to amend the

---

inapposite.

5

complaint to add the United States after the passage of the six month time period permitted under the FTCA for filing suit once a party's administrative claim has been rejected). On the other hand, even where the statute of limitations has run, a suit against the government may still be maintained if the amended complaint relates back to plaintiff's original complaint in accordance with Rule 15(c) of the Federal Rules of Civil Procedure, which provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment related back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing an action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

See also Stewart, 655 F.2d 741, 742 (7th Cir. 1981) ("Relation back under Rule 15(c) requires that actual notice be received by the Government within the period provided by law for commencing the action," which notice complies with Rules 4(d)(4) and (5) of the Federal Rules of Civil Procedure governing service of process). Here, however, it is not clear that the statute of limitations ever even began to run, and if it did not, plaintiff is free to either seek to substitute the United States as the

6

defendant herein, or to file an altogether new lawsuit against the United States.

Under the FTCA, the claimant must file an administrative claim with the appropriate federal agency and that agency must rule on the claim before a claimant can file suit against the United States. McCallister v. U.S. By and Through U.S. Dept. of Agriculture, Farmers Home Admin., 925 F.2d 841, 842 (5th Cir. 1991) (citing 28 U.S.C. § 2675(a)). However, if the agency fails to make a final disposition within six months, the claimant may treat the agency's failure to act as a final denial and file his suit. Id.[3] Pursuant to 28 U.S.C. § 2401(b), the claimant's administrative claim must be filed with the agency within two years after it accrues and the federal court complaint must be filed within six months after the agency's final denial; otherwise, the claim is barred.[4] Id. However, "there is no time

---

[3] Section 2675(a) provides:
An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented his claim to the appropriate Federal agency and his claim have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant anytime thereafter, be deemed a final denial of the claim.

[4] Section 2401(b) provides:
A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by agency to which it was presented.

7

limit for the filing of an FTCA action when an administrative claim is deemed to be denied under 28 U.S.C. § 2675(a) (1988) by virtue of an agency's failure to finally dispose of the claim within six months." McCallister, 925 F.2d at 843 (5th Cir. 1991) (quoting Taumby v. United States, 919 F.2d 69, vacating 902 F.2d 1362 (8th Cir. 1990)). In the case at bar, plaintiff filed his complaint on January 23, 2007, alleging that he was entitled to do so because more than six months had elapsed since he filed his administrative claim with the Department of Veterans Affairs and there had been no final denial of his claim. That is, he filed suit under the "deemed denied" provision of § 2675(a). If the VA did not proceed to the point of issuing a final denial of plaintiff's administrative claim, then the statute of limitations never began to run and there would be nothing to prevent plaintiff from pursuing a claim against the United States. Or if the United States did issue a final denial, and did so within the past six months, plaintiff could timely bring a claim against the United States. If, however, the VA did issue a final denial of his claim and more than six months has elapsed since that final denial, then plaintiff would be foreclosed from substituting the United States in this action unless he were to establish that the United States had actual notice (via proper service) of his claim within the limitations period and that the United States would not be prejudiced by being substituted herein.

In light of the foregoing, it is ordered that defendants Department of Veterans Affairs and G.V. Sonny VA Medical Center are dismissed, and it is further ordered that on or before January 21, 2009, the United States shall respond and show cause why it should not be substituted as the defendant herein.

SO ORDERED this 13th day of January, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE